**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KEDZIE BOULEVARD CAFE, INC.,** | ) | |
| **an Illinois corporation;** | ) | |
| **ELSEWHERE, LLC, an Illinois** | ) | |
| **limited liability company; and** | ) | |
| **FLYING SQUIRREL INDUSTRIES,** | ) | |
| **LLC, an Illinois limited liability** | ) | |
| **company,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 20 CV __** |
| | ) | |
| | ) | **Judge _____** |
| **v.** | ) | |
| | ) | **Jury Trial Demanded** |
| | ) | |
| **SOCIETY INSURANCE, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiffs, Kedzie Boulevard Café, Inc., Elsewhere, LLC, and Flying Squirrel Industries, LLC, by and through their undersigned counsel, state as follows as their Complaint against Defendant Society Insurance, Inc. ("Society Insurance"):

## BACKGROUND

1.     Plaintiffs own and operate well known and successful bar/restaurants in the City of Chicago that conduct business under the names of "Scofflaw," "The Moonlighter," and "Slippery Slope."[1]

2.     Plaintiff employ dozens of individuals who depend in whole or in substantial part for their livelihood and income upon the continued operation of Plaintiffs' operations.

3.     Plaintiffs have been forced, by the COVID-19 pandemic, as well as by

---

[1] In addition, Plaintiffs also operate two other businesses, i.e., "Outside Voices," and "The Heavy Feather," inside of "Slippery Slope" and "The Moonlighter," respectively, which are also covered under the Policies.

governmental Orders issued by the State of Illinois to cease and close their normal operations.

4.      To safeguard and protect their businesses from the very types of situation and circumstances like the one now presented, Plaintiffs purchased, at significant premium costs, business income and interruption insurance policies from Defendant Society Insurance. True and correct copies of those policies of insurance are attached hereto as Exhibits 1-3. Those policies of insurance are collectively referred to hereinafter as the "Policies."

5.      However, in total disregard and breach of its obligations to the Plaintiffs under the Policies, Society Insurance refuses to provide coverage to the Plaintiffs under those policies.

6.      Accordingly, Plaintiffs bring this action against Society Insurance based upon its calculated and intentional failure and refusal to fulfill its insurance obligations under the Policies.

**THE PARTIES**

7.      Plaintiff, Kedzie Boulevard Café ("Kedzie") is an Illinois corporation, with its principal place of business located in Chicago, Illinois. Kedzie is the entity that owns and operates the popular Chicago bar "Scofflaw," which is located at 3201 W. Armitage. Kedzie has a Businessowners Liability policy issued by Society Insurance, Policy No. ROP 451854-13, with an effective date of May 20, 2019. *See* Exhibit 1, attached hereto.

8.      Plaintiff, Elsewhere, LLC ("Elsewhere"), is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Elsewhere owns and operates the popular Chicago bar/restaurant "The Moonlighter," located at 3204 W. Armitage. The members of the LLC consist of the following: Mr. Andrew Gould ("Gould"), a citizen and resident of the State of Illinois; Mr. Kristofer Nagy ("Nagy"), a citizen and resident of the State of Illinois; and Mr.

Daniel Shapiro ("Shapiro"), a citizen and resident of the State of Illinois. Elsewhere has a Businessowners Liability policy issued by Society Insurance, Policy No. BP17032398-1, with an effective date of October 30, 2019. *See* Exhibit 2.

9.      Plaintiff, Flying Squirrel Industries, LLC ("Flying Squirrel"), is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Flying Squirrel owns and operates the popular Chicago bar/restaurant "Slippery Slope," located at 2357 N. Milwaukee Avenue. The members of the LLC consist of the following: Gould, Nagy, and Shapiro, in addition to: Mr. Ronnie Kaplan, Mr. Ed Kavanaugh, and Mr. Maxwell Shapiro. Mr. Kaplan and Mr. Kavanaugh are citizens and residents of Illinois, and Maxwell Kaplan is a citizen and resident of the State of California. Flying Squirrel has a Businessowners Liability policy issued by Society Insurance, Policy No. TRM 589684-5, with an effective date of May 12, 2019. *See* Exhibit 3.

10.     Defendant, Society Insurance, Inc., is a corporation organized and existing under Wisconsin law. It maintains its principal place of business located within that State at 150 Camelot Drive, in Fond du Lac, Wisconsin. Society Insurance is engaged in the business of, *inter alia*, selling insurance policies to commercial and other entities like the Plaintiffs, in Illinois and elsewhere throughout the country.

**JURISDICTION AND VENUE**

11.     This Court can exercise subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1332, because there is complete diversity between the Plaintiffs and the Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. This Court has personal jurisdiction over Society because, *inter alia*, Society submitted to the jurisdiction of the Illinois courts by regularly and continuously doing business

within this State, and pursuant to the Illinois "Long-Arm statute," 735 ILCS 5/2-209, *et. seq.*, by transacting business within this State, contracting to insure the Plaintiffs within this State, and by making and entering into contracts with the Plaintiffs that are substantially connected to this State. This Court can also exercise jurisdiction to grant declaratory relief to the Plaintiffs pursuant to 28 U.S.C. § 2201 because an actual controversy exists between the Plaintiffs and the Society Insurance as to their respective rights and obligations under the insurance policies at issue. Venue is appropriate in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omission giving rise to Plaintiffs' claims occurred within this District.

**FACTS**

12.     On or about March 15, 2020, during the term of the above-referenced policies of Insurance issued by Defendant Society Insurance, Governor Pritzker issued an Executive Order closing all restaurants, bars, and movie theaters in an attempt to control and respond to the COVID-19 pandemic. That, of course, included all of three restaurants/bars and other businesses owned and operated by the Plaintiffs. Plaintiffs have complied with that Order.

13.     That Order stated, in relevant part, "the Illinois Department of Public Health recommends Illinois residents avoid group dining in public settings, such as in bars and restaurants, which usually involves prolonged close social contact contrary to recommended practice for social distancing," and that "frequently used surfaces in public settings, including bars and restaurants, if not cleaned and disinfected frequently and properly, also pose a risk of exposure."

14.     Thereafter, on or about March 20, 2020, Governor Pritzker issued an Executive Ordered providing that all "non-essential businesses" must close. That March 20, 2020 closure

Order, shuttering or limiting all "non-essential" businesses in Illinois, including all restaurants and movie theaters, was made in direct response to the continued and increasing presence of COVID-19, including on the properties constituting Plaintiffs' insured premises. That Order prohibited the general public from accessing Plaintiffs' premises and restaurants, thereby causing the necessary suspension of Plaintiffs' operations and triggering the "Civil Authority" coverage under each of the Policies, as further described below.

15.     Governor Pritzker has now extended the closure Orders through at least May 30, 2020.

16.     As a direct result of those closure Orders, each of the Plaintiffs has been forced to to stop ordinary operations. This has in turn resulted in the loss of significant revenues, and forced the Plaintiffs to terminate, furlough, or lay off most of their employees. Plaintiffs have likewise suffered direct physical loss and damage to their above-referenced properties.

17.     Accordingly, each of the Plaintiffs made demands upon Defendant Society Insurance for coverage under the Policies.

18.     Society Insurance issued an almost immediate denial letter to Plaintiff Kedzie. *See* denial letter, attached hereto as Exhibit 4. Society Insurance took that position despite the language in the Policies that Kedzie requires it to provide coverage for just the type of business business income interruption losses that are at issue in this case. Moreover, Society Insurance did so without first conducting any type of legitimate and meaningful coverage investigation, including but not limited to one that constituted a reasonable investigation based upon all available information, as required under Illinois law.

19.     Society Insurance has failed and refused to respond to Plaintiff Elsewhere's and Plaintiff Flying Squirrel's multiple requests to it for coverage under their policies of insurance,

or to acknowledge its coverage obligations to them.

20.     However, because the language of each of the Policies is identical, further demands for coverage by Plaintiff Elsewhere or Plaintiff Flying Squirrel upon Society Insurance would be futile.

21.     Indeed, based upon publicly filed documents in connection with other recent lawsuits brought by other Chicago area businessowners against Society Insurance for coverage based upon the circumstances confronted by the Plaintiffs in the present case, it is come to be known that, on or about March 16, 2020, Society Insurance actually drafted and circulated a memo to its insurance agents and partners, including within the State of Illinois, taking the preemptive position that its policies of insurance would likely not provide coverage for the type of circumstances now facing the Plaintiffs and other businessowners in the Chicago area and State of Illinois.

22.     Plaintiffs have paid substantial premiums to Society Insurance in exchange for its agreement to issue and honor the Policies, and to provide coverage and indemnity to the Plaintiffs for losses resulting from, *inter alia*, occurrences - including the "necessary suspension" of business operations and corresponding loss of income at the above-referenced insured locations.

23.     The provisions that set forth the scope of coverage for business interruption losses are the same under each of the Policies.

24.     Such losses include, but are not limited to, those caused by governmental Orders of the type issued by Governor Pritzker.

25.     Each of the Policies is an "all risk" policy that provides broad coverage for losses resulting from by any cause, unless expressly excluded by the clear language of the Policies.

26.     The Policies do *not* exclude losses from arising or resulting from viruses or pandemics, including the COVID-19 pandemic. That is *unlike* many of the commercial property policies available in the marketplace. In other words, Society Insurance could have simply chosen to exclude the very type of pandemic-related losses now at issue under the Plaintiffs' Policies – but knowingly and intentionally did not.

27.     Thus, Plaintiffs reasonably expected and relied upon the fact that the Policies that they purchased from Society Insurance specifically included coverage for the very type of property damage and business interruption losses caused by viruses like COVID-19.

28.     In addition to agreeing to and providing for property damage losses under the terms of the Policies, Society Insurance also agreed to "pay for the actual loss of Business Income" sustained by Plaintiffs "due to the necessary suspension" of Plaintiffs' operations during the period of business interruption caused by "by direct physical loss of or damage to covered property" at the Plaintiffs' above-referenced insured premises.

29.     With regard to business interruption losses, "suspension" is defined by the Policies as: (1) "[T]he partial slowdown or complete cessation of your business activities;" or (2) "[T]hat a part or all of the described premises is rendered untenantable if coverage for Business Income applies."

30.     With respect to "Business Income," it is defined under the Polices, in relevant part, as "Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred," in addition to "[C]ontinuing necessary operating expenses incurred."

31.     Society Insurance also agreed and promised to pay Plaintiffs' "necessary Extra Expense" incurred by them during the period of interruption that Plaintiffs "would not have

incurred if there had been no direct physical loss or damage to covered property at the described premises."

32.     With respect to "Extra Expense," it is defined under the Policies, in relevant part, as any expenses incurred by the Plaintiffs: (1) "[T]o avoid or minimize the suspension of business and to continue 'operations' . . . at the described premises;" (2) "[T]o minimize the suspension of business if you cannot continue 'operations;'" or (3) "to [R]epair or replace any property."

33.     The Policies also expressly provide for "Civil Authority" coverage, pursuant to which Society Insurance promised and agreed to pay the Plaintiffs for the loss of "Business Income" and necessary "Extra Expense" that the Plaintiffs sustained, "caused by action of civil authority that prohibits access" to the Plaintiffs' above-referenced insured premises.

34.     That "Civil Authority" coverage is triggered under the Policies where, as in the present case, any non-excluded cause results in "damage to property other than property" at the Plaintiffs' premises, and includes losses to the Plaintiffs arising out of governmental actions and Orders.

35.     The continuous presence of COVID-19 in and around Plaintiffs' premises has has prohibited access to them, and rendered them unsafe and unfit for their intended use, and therefore has caused physical property damage or loss under the Policies.

36.     The Plaintiffs have each suffered substantial Business Income losses and incurred Extra Expense. These covered losses incurred by the Plaintiffs continue to increase by the day.

37.     Society Insurance's coverage denials to the Plaintiffs under the Policies are arbitrary and unreasonable, and inconsistent with the facts and plain language of the Policies.

## COUNT I
### (Declaratory Judgment)

38.     Plaintiffs incorporate by reference, as though fully set forth herein, Paragraphs 1 through 37 above, as though fully set forth herein as Paragraph 38 of Count I.

39.     Each of the Policies is a valid and enforceable contract supported by good and valuable consideration.

40.     Plaintiffs have complied with all of the applicable provisions of the Policies, and otherwise satisfied all conditions precedent.

41.     Society Insurance has arbitrarily and without justification refused to provide coverage to the Plaintiffs under the Policies, and to reimburse them for any of the losses incurred in connection with the covered business losses caused by the closure Orders, the interruption of their businesses stemming from the COVID-19 pandemic, and the damages to their covered premises and properties.

42.     An actual and justiciable case or controversy exists regarding Plaintiffs' rights and Society Insurance's obligations under the Policies to reimburse Plaintiffs for the full amount of losses incurred by Plaintiffs.

43.     Pursuant to 28 U.S.C. § 2201, the Plaintiffs seek a Declaratory Judgment from this Court, declaring at least the following: (a) Plaintiffs' losses are insured losses under the Policies; (b) Society Insurance has waived any and all rights to assert defenses to coverage or otherwise seek to bar or limit coverage for Plaintiffs' losses; and (c) Society Insurance is obligated to pay the Plaintiffs for the full amount of the losses they have already incurred, and that they will continue to incur, in connection with their business interruption and loss of business income arising out of the COVID-19 pandemic.

## COUNT II
### (Breach of Contract)

44.     Plaintiffs incorporate by reference, as though fully set forth herein, Paragraphs 1 through 37 above, as though fully set forth herein as Paragraph 44 of Count II.

45.     Each Policy is a valid and enforceable insurance contract pursuant to which the Plaintiffs paid Society Insurance substantial premiums in consideration for its promise and agreement to pay Plaintiffs' covered claims and losses arising from such claims, including the above-described business losses incurred as a result of governmental Orders and property damage to Plaintiffs' property and premises.

46.     Plaintiffs have complied with all applicable provisions of the Policies, and all other conditions precedent.

47.     Society Insurance has breached each of the Policies by denying coverage for the business losses suffered and incurred by the Plaintiffs.

48.     As a direct and proximate cause of Society Insurance's breaches of the Policies, Plaintiffs have sustained, and will continue to sustain substantial damages for which Society Insurance is liable, in an amount to be more fully established at trial - but in an amount in excess of several hundred thousand dollars under each of the Policies and to be more fully established by way of discovery and trial.

## COUNT III
### (Bad Faith - 215 ILCS 5/155)

49.     Plaintiffs incorporate by reference, as though fully set forth herein, Paragraphs 1 through 37 above, as though fully set forth herein as Paragraph 49 of Count III.

50.     As referenced above, Society Insurance either immediately denied the requests and claims for coverage made by or on behalf of the Plaintiffs under the Policies, or simply

failed and refused to respond to at all.

51.     Society Insurance engaged in such actions without conducting any legitimate inquiry or investigation, let alone a "reasonable investigation based on all available information," as mandates by Illinois law. *See, e.g.,* 215 ILCS 5/154.6.

52.     In fact, as referenced, above, Society Insurance actually directed its insurance agents that Society Insurance was going to deny claims of the type now asserted by the Plaintiffs, before such claims were even made.

53.     Society Insurance's denials of Plaintiffs' claims, and its failure and refusal to respond to Plaintiffs' claims is vexatious and unreasonable.

54.     Society Insurance's conduct and denials constitute improper claims handling Practices under Illinois law.

55.     Society Insurance has failed to proffer any legitimate reason for its denials and/or for its failure and refusal to respond to the Plaintiffs, and has failed to raise any *bona fide* disputes as to the whether the claims were covered by the Policies.

56.     Pursuant to 215 ILCS 5/155, Plaintiffs respectfully request that, in addition to entering judgment in favor of the Plaintiffs and against Society Insurance for the amounts due and owing under the Policies at the time of judgment, this Court also enter judgment in favor of the Plaintiffs and against Society Insurance for an amount equal to the greater of (1) 60% of the amount that the fact finder determines that Plaintiffs are entitled to recover under the Policies, exclusive of costs; and $60,000 per Plaintiff. *See also* 215 ILCS 5/155.

56.     Plaintiffs further request that this Court enter judgment in favor of the Plaintiffs and against Society Insurance in an amount equal to the reasonable attorneys' fees and costs incurred by Plaintiffs in connection with the bringing of this action, in an amount to be more

fully proved during discovery and trial. *See* 215 ILCS 5/155.

      **WHEREFORE**, Plaintiffs respectfully pray that the Court:

Enter a Declaratory Judgment on Count I in favor of the Plaintiffs and against Defendant Society Insurance, Inc., declaring that: Plaintiffs' losses and the necessary interruption of their businesses arising from the COVID-19 pandemic are insured losses under the Policies;

Order that Defendant Society Insurance, Inc. has waived its rights to assert defenses to coverage, or otherwise seek to bar or limit coverage for the Plaintiffs' losses;

Order that Defendant Society Insurance, Inc. is estopped from asserting defenses to coverage, or otherwise seek to bar or limit coverage for the Plaintiffs' losses;

Order that Defendant Society Insurance, Inc. is obligated to pay Plaintiffs the full amount of the losses they have incurred, and will incur, in connection with their covered business losses arising from the COVID-19 pandemic

Enter judgment on Count II in favor of the Plaintiffs and against Defendant Society Insurance, Inc., and award the Plaintiffs all damages to which they are entitled to recover for breach of contract, in an amount to be more specifically proven through discover and at trial;

Enter judgment on Count III in favor of the Plaintiffs and against Defendant Society Insurance, Inc., in the amount equal to or greater than 60% of the amount which the finder of fact determine that the Plaintiffs are entitled to recover under the Policies, exclusive of costs, in addition to the sum of $60,000 for each of the Plaintiffs;

Enter judgment in favor of the Plaintiffs and against Defendant Society Insurance, Inc., in an amount equal to the attorneys' fees and costs incurred in connection with the bringing of this action, in an amount to be more specifically proven through discovery and at trial;

Enter judgment in favor of the Plaintiffs and against Defendant Society Insurance, Inc., awarding them prejudgment interest

Enter judgment in favor of the Plaintiffs and against Defendant Society Insurance, Inc., awarding them all other and further relief as is allowable and appropriate.

**JURY TRIAL DEMANDED**

**Respectfully submitted,**

**By: /s/ Michael I. Leonard**
      **Counsel for Plaintiffs**

**LEONARDMEYER LLP**
Michael I. Leonard
Rebeca Chacko
120 North LaSalle, Suite 2000
Chicago, Illinois 60602
(312)380-6559 (direct)
(312)264-9671 (fax)
mleonard@leonardmeyerllp.com
rchacko@leonardmeyerllp.com

## CERTIFICATE OF SERVICE

The undersigned states that, on May 4, 2020, he caused the above to be filed by way of this Court's ECF filing system.

**RESPECTFULLY SUBMITTED,**

**By:**    **s/Michael I. Leonard**
          **Counsel for Plaintiffs**