UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: COVID-19 BUSINESS INTERRUPTION
PROTECTION INSURANCE LITIGATION        MDL No. 2942

ORDER DENYING TRANSFER
AND DIRECTING ISSUANCE OF SHOW CAUSE ORDERS

**Before the Panel:**[*] There are two motions under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation. The first motion is brought by plaintiffs in the two Eastern District of Pennsylvania actions listed on Schedule A (the Pennsylvania movants). The Pennsylvania movants seek centralization of eleven actions in the Eastern District of Pennsylvania. The second motion is brought by plaintiffs in seven actions pending in various districts (the Illinois movants).[1] The Illinois movants request centralization of fifteen actions (the eleven on the first motion and five others) in the Northern District of Illinois.[2] All fifteen actions, which are listed on Schedule A, assert declaratory judgment and/or breach of contract claims against plaintiffs' respective providers of commercial property insurance. Plaintiffs allege that these policies provide coverage for business interruption losses caused by the COVID-19 pandemic and the related government orders suspending, or severely curtailing, operations of non-essential businesses. In addition to the fifteen actions on the motions, the Panel has received notice of 263 related actions. Collectively, these actions are pending in 48 districts and name more than a hundred insurers.

Plaintiffs in more than 175 actions or related actions responded to the motions. Many of these plaintiffs support centralization in one of the two districts proposed by movants. Other plaintiffs suggest the Northern District of California, Southern District of Florida, the Western District of Missouri, the District of New Jersey, and the Western District of Washington as potential transferee districts for this litigation. Still other plaintiffs oppose centralization or ask to be excluded from any MDL.

Plaintiffs in more than thirty actions (some of which either support or oppose centralization

---

[*] Judges Karen K. Caldwell and David C. Norton took no part in the decision of this matter.

[1] These movants include plaintiffs in: Central District of California *Caribe Restaurant & Nightclub, Inc.*; Southern District of New York *Gio Pizzeria & Bar Hospitality, LLC*; Northern District of Ohio *Bridal Expressions LLC*; Southern District of Ohio *Troy Stacy Enterprises Inc.*; District of Oregon *Dakota Ventures, LLC*; Northern District of Texas *Berkseth-Rojas*; and Eastern District of Wisconsin *Rising Dough Inc.*

[2] A sixteenth action on the second motion was voluntarily dismissed.

Case: 1:20-cv-02692 Document #: 29 Filed: 08/12/20 Page 2 of 19 PageID #:578
Case MDL No. 2942 Document 1672 Filed 08/12/2020 Page 2 of 19

-2-

in the first instance) propose that, instead of creating the "industry-wide" MDL requested by the movants, the Panel should centralize these insurance coverage actions on a state-by state, regional, or insurer-by-insurer basis. These proposals, which were raised for the first time in the parties' responses to the motions, encompass claims against Certain Underwriters at Lloyd's, London; Cincinnati Insurance Company; The Hartford; State Farm; and Westchester Surplus Lines/Chubb. These plaintiffs variously suggest ten districts for these narrower MDLs.

In total, thirty-two insurers or insurer-groups named as defendants in the related actions responded to the motions.[3] Unlike plaintiffs, the defendants uniformly oppose centralization. Several defendants, in their Notices of Presentation or Waiver of Oral Argument, indicated alternative support for one or more potential transferee districts. In addition to these defendants, one non-party insurer group and several *amici curiae* filed responses in opposition to centralization.

After considering the arguments of counsel,[4] we conclude that the industry-wide centralization requested by movants will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. The proponents of centralization identify three core common questions: (1) do the various government closure orders trigger coverage under the policies; (2) what constitutes "physical loss or damage" to the property; and (3) do any exclusions (particularly those related to viruses) apply. These questions, though, share only a superficial commonality. There is no common defendant in these actions—indeed, there are no true multi-defendant cases, as the actions involve either a single insurer or insurer-group (*i.e.*, related insurers operating under the same umbrella or sharing ownership interests). Thus, there is little potential for common discovery across the litigation. Furthermore, these cases involve different insurance policies with different coverages, conditions, exclusions, and policy language, purchased by different businesses in different industries located in different states. These differences will overwhelm any common factual questions.[5]

The proponents of centralization argue that the insurers use standardized forms. Even so,

---

[3] Two responses by defendant insurers were submitted after the close of briefing and were not considered by the Panel. See Notices of Major Deficiency, MDL No. 2942 (J.P.M.L. July 24, 2020), ECF Nos. 755 & 756.

[4] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of July 30, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2942 (J.P.M.L. July 14, 2020), ECF No. 692.

[5] *Cf. In re Hotel Industry Sex Trafficking Litig.*, 433 F. Supp. 3d 1353, 1356 (J.P.M.L. 2020) ("[E]ach action involves different alleged sex trafficking ventures, different hotel brands, different owners and employees, different geographic locales, different witnesses, different indicia of sex trafficking, and different time periods. Thus, unique issues concerning each plaintiff's sex trafficking allegations predominate in these actions. Indeed, there is no common or predominant defendant across all actions, further indicating a lack of common questions of fact.").

-3-

there are many such "standardized" forms in circulation, and any form used by a given insurer will have been modified in a unique way. While the policy language for business income and civil authority coverages may be very similar among the policies, seemingly minor differences in policy language could have significant impact on the scope of coverage.[6]

Moreover, the proposed MDL raises significant managerial and efficiency concerns. A transferee court would have to establish a pretrial structure to manage the hundreds of plaintiffs—many with disparate views of the litigation—and more than one hundred insurers. The court also would have to identify common policies with identical or sufficiently similar policy language and oversee discovery that likely will differ insurer-to-insurer. To say this litigation would result in a complicated MDL seems an understatement. Managing such a litigation would be an ambitious undertaking for any jurist, and implementing a pretrial structure that yields efficiencies will take time. As counsel emphasized during oral argument, however, time is of the essence in this litigation. Many plaintiffs are on the brink of bankruptcy as a result of business lost due to the COVID-19 pandemic and the government closure orders. An industry-wide MDL in this instance will not promote a quick resolution of these matters.

Put simply, the MDL that movants request entails very few common questions of fact, which are outweighed by the substantial convenience and efficiency challenges posed by managing a litigation involving the entire insurance industry. The proponents' arguments that these problems can be overcome are not persuasive. We therefore deny the motions for centralization.

The proposals for regional and state-based MDLs raised by some of the responding plaintiffs suffer from many of the same problems as the industry-wide motions. Although these MDLs would be smaller, they still would involve multiple defendants with different policies, coverages, exclusions, and endorsements. Any efficiencies with respect to common discovery and motion practice would be outweighed by the unique discovery and motion practice as to each insurer. We likewise deny these regional and state-based MDLs proposals.

In contrast, the arguments for insurer-specific MDLs are more persuasive. Such an MDL would be limited to a single insurer or group of related insurers and thus would not entail the managerial problems of an industry-wide MDL involving more than a hundred insurers. The actions are more likely to involve insurance policies utilizing the same language, endorsements, and exclusions. Thus, there is a significant possibility that the actions will share common discovery and

---

[6] The Illinois movants' citation to the experience of the United Kingdom's Financial Conduct Authority (FCA) in reviewing property insurance policies is illustrative. The FCA, which operates under a unitary legal system, reviewed property insurance policies from eight different insurers and concluded that the policies issued in that one jurisdiction fell within seventeen different policy categories. *See* Baker Decl. ¶ 7, Ex. A to the Illinois Movants' Reply Br., MDL No. 2942 (J.P.M.L. Jun. 15, 2020), ECF No. 544-1. An industry-wide MDL, encompassing more than a hundred insurers and the laws of the fifty states, would entail far more differences. The example of the FCA—which is operating using stipulated facts—thus weighs *against* centralization.

-4-

pretrial motion practice. Moreover, centralization of these actions could eliminate inconsistent pretrial rulings with respect to the overlapping nationwide class claims that most of the insurers face. An insurer-specific MDL therefore could achieve the convenience and efficiency benefits envisioned by Section 1407.

That said, we will not attempt to create an insurer-specific MDL on the present record. The proposals for insurer-specific MDLs were made midway through the briefing on the industry-wide motions, and no motion for an insurer-specific MDL was filed. As a result, only a few insurers, and few plaintiffs other than the movants, responded to the insurer-specific MDL proposals, which themselves were often vague as to which actions would be included in a given MDL.[7] The Panel requires a better understanding of the factual commonalities and differences among these actions, as well as the efficiencies that may or may not be gained through centralization, before creating an insurer-specific MDL.

Instead, we will direct the Clerk of the Panel to issue orders with respect to actions naming four insurers or groups of related insurers—Certain Underwriters at Lloyd's, London; Cincinnati Insurance Company; the Hartford insurers;[8] and Society Insurance—directing the parties to show cause why those actions should not be centralized. *See* Panel Rule 8.1. With respect to these four insurers or insurer groups, centralization may be warranted to eliminate duplicative discovery and pretrial practice. Cognizant that delay should be avoided in this litigation to the extent possible, the due date for responses to the show cause orders will be expedited by one week to ensure that the Panel will be able to consider the matters at its next hearing session on September 24, 2020.

With respect to the actions in this litigation involving other insurers, centralization does not appear appropriate. There are alternatives to centralization available to minimize any duplication in pretrial proceedings, including informal cooperation and coordination of the actions. The parties also may seek to relate actions against a common insurer in a given district before one judge. Such alternatives appear practicable as to these insurers, given the limited number of actions and districts involved as to each.

IT IS THEREFORE ORDERED that the motions for centralization of the actions listed on Schedule A are denied.

---

[7] In addition, many of the insurers are not named in any of the actions on the motions, but only in actions noticed as related to those motions. This potentially presents a procedural obstacle to any immediate centralization as to those insurers. *See* 28 U.S.C. § 1407(c) (requiring notice to the parties that centralization of the actions is contemplated).

[8] The Hartford insurers include: Hartford Financial Services Group, Inc.; Hartford Fire Insurance Company; Hartford Casualty Insurance Company; Hartford Underwriters Insurance Company; Sentinel Insurance Company Limited; and Twin City Fire Insurance Company. These six insurers filed a joint response to the motions. *See* Hartford's Interested Party Response at 1 & n.1, MDL No. 2942 (J.P.M.L. Jun. 5, 2020), ECF No. 425.

-5-

IT IS FURTHER ORDERED that the Clerk of the Panel shall issue a show cause order as to the actions listed on Schedule B. The show cause order shall be captioned "*In re: Certain Underwriters at Lloyd's, London, COVID-19 Business Interruption Protection Insurance Litigation*."

IT IS FURTHER ORDERED that the Clerk of the Panel shall issue a show cause order as to the actions listed on Schedule C. The show cause order shall be captioned "*In re: Cincinnati Insurance Company COVID-19 Business Interruption Protection Insurance Litigation*."

IT IS FURTHER ORDERED that the Clerk of the Panel shall issue a show cause order as to the actions listed on Schedule D. The show cause order shall be captioned "*In re: Hartford COVID-19 Business Interruption Protection Insurance Litigation*."

IT IS FURTHER ORDERED that the Clerk of the Panel shall issue a show cause order as to the actions listed on Schedule E. The show cause order shall be captioned "*In re: Society Insurance Company COVID-19 Business Interruption Protection Insurance Litigation*."

IT IS FURTHER ORDERED that responses to the above show cause orders shall be due on August 26, 2020, and replies on September 2, 2020.

PANEL ON MULTIDISTRICT LITIGATION

_____
Ellen Segal Huvelle
Acting Chair

R. David Proctor     Catherine D. Perry
Nathaniel M. Gorton     Matthew F. Kennelly

IN RE: COVID-19 BUSINESS INTERRUPTION  
PROTECTION INSURANCE LITIGATION                MDL No. 2942

## SCHEDULE A

<u>Northern District of Alabama</u>

WAGNER SHOES LLC v. AUTO-OWNERS INSURANCE COMPANY,
  C.A. No. 7:20−00465

<u>Central District of California</u>

CARIBE RESTAURANT AND NIGHTCLUB, INC. v. TOPA INSURANCE
  COMPANY, C.A. No. 2:20−03570

<u>Middle District of Florida</u>

PRIME TIME SPORTS GRILL, INC. v. DTW 1991 UNDERWRITING LIMITED,
  C.A. No. 8:20−00771

<u>Southern District of Florida</u>

EL NOVILLO RESTAURANT, ET AL. v. CERTAIN UNDERWRITERS AT
  LLOYD'S LONDON, ET AL., C.A. No. 1:20−21525

<u>Northern District of Illinois</u>

BIG ONION TAVERN GROUP, LLC, ET AL. v. SOCIETY INSURANCE, INC.,
  C.A. No. 1:20−02005
BILLY GOAT TAVERN I, INC., ET AL. v. SOCIETY INSURANCE,
  C.A. 1:20−02068
SANDY POINT DENTAL PC v. THE CINCINNATI INSURANCE COMPANY,
  ET AL., C.A. No. 1:20−02160

<u>Southern District of New York</u>

GIO PIZZERIA & BAR HOSPITALITY, LLC, ET AL. v. CERTAIN UNDERWRITERS
  AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBERS ARP−
  74910−20 AND ARP−75209−20, C.A. No. 1:20−03107

<u>Northern District of Ohio</u>

BRIDAL EXPRESSIONS LLC v. OWNERS INSURANCE COMPANY,
  C.A. No. 1:20−00833

-A2-

Southern District of Ohio

TROY STACY ENTERPRISES INC. v. THE CINCINNATI INSURANCE COMPANY,
    C.A. No. 1:20-00312

District of Oregon

DAKOTA VENTURES, LLC, ET AL. v. OREGON MUTUAL INSURANCE CO.,
    C.A. No. 3:20-00630

Eastern District of Pennsylvania

LH DINING LLC v. ADMIRAL INDEMNITY COMPANY, C.A. No. 2:20-01869
NEWCHOPS RESTAURANT COMCAST LLC v. ADMIRAL INDEMNITY
    COMPANY, C.A. No. 2:20-01949

Northern District of Texas

BERKSETH-ROJAS DDS v. ASPEN AMERICAN INSURANCE COMPANY,
    C.A. No. 3:20-00948

Eastern District of Wisconsin

RISING DOUGH, INC., ET AL. v. SOCIETY INSURANCE, C.A. No. 2:20-00623

IN RE: COVID-19 BUSINESS INTERRUPTION
PROTECTION INSURANCE LITIGATION  MDL No. 2942

## SCHEDULE B

<u>Middle District of Florida</u>

PRIME TIME SPORTS GRILL, INC. v. DTW 1991 UNDERWRITING LIMITED,
 C.A. No. 8:20‒00771

<u>Southern District of Florida</u>

RUNWAY 84, INC. & RUNWAY 84 REALTY, LLC v. CERTAIN UNDERWRITERS
 AT LLOYD'S, LONDON, SUBSCRIBING TO CERTIFICATE NUMBER
 ARP–75203–20, C.A. No. 0:20–61161
EL NOVILLO RESTAURANT, ET AL. v. CERTAIN UNDERWRITERS AT
 LLOYD'S LONDON, ET AL., C.A. No. 1:20‒21525
ATMA BEAUTY, INC. v. HDI GLOBAL SPECIALTY SE, ET AL.,
 C.A. No. 1:20–21745
SUN CUISINE, LLC v. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
 SUBSCRIBING TO CONTRACT NUMBER B0429BA1900350 UNDER
 COLLECTIVE CERTIFICATE ENDORSEMENT 350OR100802,
 C.A. No. 1:20-21827
SA PALM BEACH LLC v. CERTAIN UNDERWRITERS AT LLOYDS LONDON,
 ET AL., C.A. No. 9:20-80677

<u>Central District of Illinois</u>

RJH MANAGEMENT CORP. v. CERTAIN UNDERWRITERS AT LLOYDS,
 LONDON SUBSCRIBING TO POLICY CERTIFICATE NO. TNR 198538,
 C.A. No. 3:20-03143

<u>Eastern District of Louisiana</u>

STATION 6, LLC v. CERTAIN UNDERWRITERS AT LLOYD'S LONDON,
 C.A. No. 2:20–01371

<u>District of New Jersey</u>

PALM AND PINE VENTURES, LLC v. CERTAIN UNDERWRITERS AT LLOYD'S
 LONDON, ET AL., C.A. No. 3:20–08212
MDH GLOBAL, LLC v. CERTAIN UNDERWRITERS AT LLOYD'S LONDON,
 ET AL., C.A. No. 3:20–08214

-B3-

<u>Southern District of New York</u>

GIO PIZZERIA & BAR HOSPITALITY, LLC, ET AL. v. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBERS ARP‐74910‐20 AND ARP‐75209‐20, C.A. No. 1:20‐03107
632 METACOM, INC. v. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. XSZ146282, C.A. No. 1:20–03905

<u>Eastern District of Pennsylvania</u>

FIRE ISLAND RETREAT v. CERTAIN UNDERWRITERS AT LLOYDS, LONDON SUBSCRIBING TO POLICY NO. B050719MKSFL000081-00, C.A. No. 2:20–02312
INDEPENDENCE RESTAURANT GROUP, LLC v. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, C.A. No. 2:20–02365

IN RE: COVID-19 BUSINESS INTERRUPTION
PROTECTION INSURANCE LITIGATION          MDL No. 2942

## SCHEDULE C

Middle District of Alabama

EAGLE EYE OUTFITTERS, INC. v. THE CINCINNATI CASUALTY COMPANY,
    C.A. No. 1:20–00335
PEAR TREE GROUP, LLC v. THE CINCINNATI INSURANCE COMPANY,
    C.A. No. 3:20–00382
SNEAK & DAWDLE, LLC v. THE CINCINNATI INSURANCE COMPANY,
    C.A. No. 3:20–00383
AUBURN DEPOT LLC v. THE CINCINNATI INSURANCE COMPANY,
    C.A. No. 3:20–00384

Northern District of Alabama

HOMESTATE SEAFOOD LLC v. THE CINCINNATI INSURANCE COMPANY,
    C.A. No. 2:20–00649
SOUTHERN DENTAL BIRMINGHAM LLC v. THE CINCINNATI INSURANCE
    COMPANY, C.A. No. 2:20–00681

Northern District of Illinois

SANDY POINT DENTAL PC v. THE CINCINNATI INSURANCE COMPANY,
    ET AL., C.A. No. 1:20–02160
3 SQUARES, LLC, ET AL. v. THE CINCINNATI INSURANCE COMPANY,
    C.A. No. 1:20–02690
DEREK SCOTT WILLIAMS PLLC, ET AL. v. THE CINCINNATI INSURANCE
    COMPANY, C.A. No. 1:20–02806

District of Kansas

PROMOTIONAL HEADWEAR INT'L v. THE CINCINNATI INSURANCE
    COMPANY, INC., C.A. No. 2:20–02211

Western District of Missouri

STUDIO 417, INC. v. THE CINCINNATI INSURANCE COMPANY,
    C.A. No. 6:20–03127

-C2-

Southern District of Ohio

TROY STACY ENTERPRISES INC. v. THE CINCINNATI INSURANCE COMPANY,
   C.A. No. 1:20–00312
TASTE OF BELGIUM LLC v. THE CINCINNATI INSURANCE COMPANY, ET AL.,
   C.A. No. 1:20–00357
SWEARINGEN SMILES LLC, ET AL. v. THE CINCINNATI INSURANCE
   COMPANY, ET AL., C.A. No. 1:20–00517

Eastern District of Pennsylvania

MILKBOY CENTER CITY LLC v. THE CINCINNATI INSURANCE COMPANY,
   ET AL., C.A. No. 2:20–02036
STONE SOUP, INC. v. THE CINCINNATI INSURANCE COMPANY,
   C.A. No. 2:20–02614

Western District of Pennsylvania

HIRSCHFIELD-LOUIK v. THE CINCINNATI INSURANCE COMPANY, ET AL.,
   C.A. No. 2:20–00816

Southern District of West Virginia

UNCORK AND CREATE LLC v. THE CINCINNATI INSURANCE COMPANY,
   ET AL., C.A. No. 2:20–00401

IN RE: COVID-19 BUSINESS INTERRUPTION
PROTECTION INSURANCE LITIGATION    MDL No. 2942

## SCHEDULE D

### Northern District of Alabama

PURE FITNESS LLC v. THE HARTFORD FINANCIAL SERVICES GROUP INC.,
 ET AL., C.A. No. 2:20–00775

### District of Arizona

FORFEX LLC v. HARTFORD UNDERWRITERS INSURANCE COMPANY, ET AL.,
 C.A. No. 2:20–01068
JDR ENTERPRISES LLC v. SENTINEL INSURANCE COMPANY LIMITED, ET AL.,
 C.A. No. 4:20–00270

### Central District of California

GERAGOS & GERAGOS ENGINE COMPANY NO. 28, LLC v. HARTFORD FIRE
 INSURANCE COMPANY, ET AL., C.A. No. 2:20–04647
PATRICK AND GEOFF INVESTMENTS INC. v. THE HARTFORD, ET AL.,
 C.A. No. 2:20–05140
ROUNDIN3RD SPORTS BAR LLC v. THE HARTFORD, ET AL.,
 C.A. No. 2:20–05159
R3 HOSPITALITY GROUP, LLC v. THE HARTFORD, ET AL., C.A. No. 5:20–01182

### Northern District of California

PROTEGE RESTAURANT PARTNERS LLC v. SENTINEL INSURANCE
 COMPANY, LIMITED, C.A. No. 5:20–03674

### Southern District of California

PIGMENT INC. v. THE HARTFORD FINANCIAL SERVICES GROUP, INC., ET AL.,
 C.A. No. 3:20–00794

### District of Connecticut

LITTLE STARS CORPORATION v. HARTFORD UNDERWRITERS INS. CO.,
 ET AL., C.A. No. 3:20–00609
CONSULTING ADVANTAGE INC. v. HARTFORD FIRE INSURANCE COMPANY,
 ET AL., C.A. No. 3:20–00610

-D2-

RENCANA LLC, ET AL. v. HARTFORD FINANCIAL SERVICES GROUP, INC., ET AL., C.A. No. 3:20–00611
COSMETIC LASER, INC. v. TWIN CITY FIRE INSURANCE COMPANY, C.A. No. 3:20–00638
DR. JEFFREY MILTON, DDS, INC. v. HARTFORD CASUALTY INSURANCE COMPANY, C.A. No. 3:20–00640
ONE40 BEAUTY LOUNGE, LLC v. SENTINEL INS. CO., LTD., C.A. No. 3:20–00643
PATS v. HARTFORD FIRE INSURANCE COMPANY, ET AL., C.A. No. 3:20–00697
DOTEXAMDR PLLC v. HARTFORD FIRE INS. CO., ET AL., C.A. No. 3:20–00698
KENNEDY HODGES & ASSOCIATES LTD., LLP, ET AL. v. HARTFORD FINANCIAL SERVICES GROUP, INC., ET AL., C.A. No. 3:20–00852
LEAL, INC. v. HARTFORD FINANCIAL SERVICES GROUP, INC., ET AL., C.A. No. 3:20–00917
SA HOSPITALITY GROUP, LLC, ET AL. v. HARTFORD FIRE INSURANCE COMPANY, C.A. No. 3:20–01033

District of District of Columbia

GCDC LLC v. THE HARTFORD FINANCIAL SERVICES GROUP, INC., ET AL., C.A. No. 1:20–01094

Northern District of Florida

FLORIDA WELLNESS CENTER OF TALLAHASSEE v. HARTFORD CASUALTY INSURANCE COMPANY, C.A. No. 4:20–00279

Southern District of Florida

REINOL A. GONZALEZ, DMD, P.A. v. THE HARTFORD FINANCIAL SERVICES GROUP, INC., ET AL., C.A. No. 1:20–22151

Northern District of Georgia

KARMEL DAVIS AND ASSOCIATES, ATTORNEY–AT–LAW, LLC v. THE HARTFORD FINANCIAL SERVICES GROUP, INC., ET AL., C.A. No. 1:20–02181

Southern District of Illinois

TAUBE v. HARTFORD FINANCIAL SERVICES GROUP, INC., ET AL., C.A. No. 3:20–00565

-D3-

Eastern District of Louisiana

Q CLOTHIER NEW ORLEANS, LLC, ET AL. v. TWIN CITY FIRE INSURANCE
COMPANY, ET AL., C.A. No. 2:20–01470

District of Massachusetts

RINNIGADE ART WORKS v. THE HARTFORD FINANCIAL SERVICES GROUP,
INC., ET AL., C.A. No. 1:20–10867

Southern District of Mississippi

THE KIRKLAND GROUP, INC. v. SENTINEL INSURANCE GROUP LTD.,
C.A. No. 3:20–00496

Eastern District of Missouri

ROBERT LEVY, D.M.D., LLC v. HARTFORD CASUALTY INSURANCE
COMPANY, C.A. No. 4:20–00643

District of New Jersey

AMBULATORY CARE CENTER, PA v. SENTINEL INSURANCE COMPANY,
LIMITED, C.A. No. 1:20–05837
THE EYE CARE CENTER OF NEW JERSEY, PA v. THE HARTFORD FINANCIAL
SERVICES GROUP INC., ET AL., C.A. No. 2:20–05743
LD GELATO LLC v. HARTFORD UNDERWRITERS INSURANCE CORPORATION,
C.A. No. 2:20–06215
BACK2HEALTH CHIROPRACTIC CENTER, LLC v. THE HARTFORD FINANCIAL
SERVICES GROUP, INC., ET AL., C.A. No. 2:20–06717
MARRAS 46 LLC v. TWIN CITY FIRE INSURANCE COMPANY,
C.A. No. 2:20–08886
ADDIEGO FAMILY DENTAL, LLC v. HARTFORD FINANCIAL SERVICES
GROUP, INC., ET AL., C.A. No. 3:20–05847
ADDIEGO ORTHODONTICS, LLC v. HARTFORD FINANCIAL SERVICES GROUP,
INC., ET AL., C.A. No. 3:20–05882
SWEETBERRY HOLDINGS LLC v. THE HARTFORD FINANCIAL SERVICES
GROUP, INC., ET AL., C.A. No. 3:20–08200
BLUSHARK DIGITAL, LLC v. THE HARTFORD FINANCIAL SERVICES GROUP,
INC., ET AL., C.A. No. 3:20–08210

-D4-

Eastern District of New York

METROPOLITAN DENTAL ARTS P.C. v. THE HARTFORD FINANCIAL
    SERVICES GROUP, INC., ET AL., C.A. No. 1:20–02443
BRAIN FREEZE BEVERAGE, LLC v. THE HARTFORD FINANCIAL SERVICES
    GROUP, INC., ET AL., C.A. No. 2:20–02157

Southern District of New York

SHARDE HARVEY DDS PLLC v. THE HARTFORD FINANCIAL SERVICES
    GROUP INC., ET AL., C.A. No. 1:20–03350
FOOD FOR THOUGHT CATERERS, CORP. v. THE HARTFORD FINANCIAL
    SERVICES GROUP, INC., ET AL., C.A. No. 1:20–03418
RED APPLE DENTAL PC v. THE HARTFORD FINANCIAL SERVICES GROUP,
    INC., ET AL., C.A. No. 7:20–03549

Western District of New York

BUFFALO XEROGRAPHIX INC. v. SENTINEL INSURANCE COMPANY,
    LIMITED, ET AL., C.A. No. 1:20–00520
SALVATORE'S ITALIAN GARDENS, INC., ET AL. v. HARTFORD FIRE
    INSURANCE COMPANY, C.A. No. 1:20–00659

Northern District of Ohio

SYSTEM OPTICS, INC. v. TWIN CITY FIRE INSURANCE COMPANY, ET AL.,
    C.A. No. 5:20–01072

Eastern District of Pennsylvania

LANSDALE 329 PROP, LLC, ET AL. v. HARTFORD UNDERWRITERS
    INSURANCE COMPANY, ET AL., C.A. No. 2:20–02034
SIDKOFF, PINCUS & GREEN PC v. SENTINEL INSURANCE COMPANY,
    LIMITED, C.A. No. 2:20–02083
HAIR STUDIO 1208, LLC v. HARTFORD UNDERWRITERS INSURANCE CO.,
    C.A. No. 2:20–02171
ULTIMATE HEARING SOLUTIONS II, LLC, ET AL. v. HARTFORD
    UNDERWRITERS INSURANCE COMPANY, ET AL., C.A. No. 2:20–02401
ATCM OPTICAL, INC., ET AL. v. HARTFORD FIRE INSURANCE COMPANY,
    C.A. No. 2:20–02828
MOODY, ET AL. v. THE HARTFORD FINANCIAL SERVICES GROUP INC.,
    ET AL., C.A. No. 2:20–02856

-D5-

SEYMON BOKMAN v. SENTINEL INSURANCE COMPANY, LIMITED,
C.A. No. 2:20–02887

District of South Carolina

COFFEY & MCKENZIE LLC v. TWIN CITY FIRE INSURANCE COMPANY,
C.A. No. 2:20–01671
BLACK MAGIC LLC v. THE HARTFORD FINANCIAL SERVICES GROUP INC.,
ET AL., C.A. No. 2:20–01743
FANCY THAT! BISTRO & CATERING LLC v. SENTINEL INSURANCE COMPANY
LIMITED, ET AL., C.A. No. 3:20–02382

Eastern District of Texas

RISINGER HOLDINGS, LLC, ET AL. v. SENTINEL INSURANCE COMPANY, LTD.,
ET AL., C.A. No. 1:20–00176
BOOZER-LINDSEY, PA, LLC v. SENTINEL INSURANCE COMPANY, LTD.,
C.A. No. 6:20–00235

Northern District of Texas

GRAILEYS INC. v. SENTINEL INSURANCE COMPANY LTD.,C.A. No. 3:20–01181

Western District of Texas

INDEPENDENCE BARBERSHOP, LLC v. TWIN CITY FIRE INSURANCE CO.,
C.A. No. 1:20–00555

District of Utah

WILLIAM W. SIMPSON ENTERPRISES v. THE HARTFORD FINANCIAL
SERVICES GROUP, C.A. No. 4:20–00075

Eastern District of Virginia

ADORN BARBER & BEAUTY LLC v. TWIN CITY FIRE INSURANCE COMPANY,
C.A. No. 3:20–00418

Western District of Washington

CHORAK v. HARTFORD CASUALTY INSURANCE COMPANY,
C.A. No. 2:20–00627
KIM v. SENTINEL INSURANCE COMPANY LIMITED, C.A. No. 2:20–00657

-D6-

GLOW MEDISPA LLC v. SENTINEL INSURANCE COMPANY LIMITED,
    C.A. No. 2:20–00712
STRELOW v. HARTFORD CASUALTY INSURANCE COMPANY,
    C.A. No. 2:20–00797
PRATO v. SENTINEL INSURANCE COMPANY LIMITED, C.A. No. 3:20–05402
LEE v. SENTINEL INSURANCE COMPANY LIMITED, C.A. No. 3:20–05422

IN RE: COVID-19 BUSINESS INTERRUPTION
PROTECTION INSURANCE LITIGATION                     MDL No. 2942

## SCHEDULE E

<u>Northern District of Illinois</u>

BIG ONION TAVERN GROUP, LLC, ET AL. v. SOCIETY INSURANCE, INC.,
   C.A. No. 1:20‒02005
BILLY GOAT TAVERN I, INC., ET AL. v. SOCIETY INSURANCE,
   C.A. 1:20‒02068
BISCUIT CAFE INC., ET AL. v. SOCIETY INSURANCE, INC., C.A. No. 1:20‒02514
DUNLAYS MANAGEMENT SERVICES, LLC, ET AL. v. SOCIETY INSURANCE,
   C.A. No. 1:20–02524
JDS 1455, INC. v. SOCIETY INSURANCE, C.A. No. 1:20–02546
351 KINGSBURY CORNER, LLC v. SOCIETY INSURANCE, C.A. No. 1:20–02589
ROSCOE SAME LLC, ET AL. v. SOCIETY INSURANCE, C.A. No. 1:20–02641
KEDZIE BOULEVARD CAFE INC. v. SOCIETY INSURANCE INC.,
   C.A. No. 1:20–02692
VALLEY LODGE CORP. v. SOCIETY INSURANCE, C.A. No. 1:20–02813
THE BARN INVESTMENT LLC, ET AL. v. SOCIETY INSURANCE,
   C.A. No. 1:20–03142
PURPLE PIG CHEESE BAR & PORK STORE, LLC v. SOCIETY INSURANCE,
   C.A. No. 1:20–03164
CIAO BABY ON MAIN LLC v. SOCIETY INSURANCE INC., C.A. No. 1:20–03251
CARDELLI ENTERPRISE, LLC v. SOCIETY INSURANCE, C.A. No. 1:20–03263
726 WEST GRAND LLC, ET AL. v. SOCIETY INSURANCE, C.A. No. 1:20–03432
DEERFIELD ITALIAN KITCHEN, INC. v. SOCIETY INSURANCE, INC.,
   C.A. No. 1:20–03896
THE WHISTLER LLC, ET AL. v. SOCIETY MUTUAL INSURANCE COMPANY,
   C.A. No. 1:20–03959
RIVERSIDE ENTERPRISES, LLC v. SOCIETY INSURANCE, C.A. No. 1:20–04178

<u>District of Minnesota</u>

LUCY'S BURGERS, LLC v. SOCIETY INSURANCE, INC., C.A. No. 0:20–01029

<u>Middle District of Tennessee</u>

PEG LEG PORKER RESTAURANT, LLC v. SOCIETY INSURANCE,
   C.A. No. 3:20–00337

-E2-

<u>Eastern District of Wisconsin</u>

RISING DOUGH, INC., ET AL. v. SOCIETY INSURANCE, C.A. No. 2:20−00623
AMBROSIA INDY LLC v. SOCIETY INSURANCE, C.A. No. 2:20–00771