IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEDZIE BOULEVARD CAFE, INC., an Illinois corporation; ELSEWHERE, LLC, an Illinois limited liability company; and FLYING SQUIRREL INDUSTRIES, LLC, an Illinois limited liability company, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 20 CV 2692 |
| v. | ) ) ) | Jury Trial Demanded |
| SOCIETY INSURANCE, INC., | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO STAY THIS ACTION PENDING THE RULING, EXPECTED TO BE ISSUED ON OR ABOUT SEPTEMBER 24, 2020, OF THE UNITED STATES JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION, *IN RE: COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION*, MDL No. 2942**

Plaintiffs, by and through their undersigned counsel, respectfully moves this Court to stay the present action, pending the Ruling (expected to be issued on or about September 24, 2020) of the United States Judicial Panel on Multi-District Litigation (hereinafter "Judicial Panel"), *In Re: Covid-19 Business Interruption Protection Insurance Litigation*, MDL No. 2942 (hereinafter "the Covid-19 Litigation"), and state as follows:

1. As this Court is aware, on August 12, 2020, the Judicial Panel entered an Order with respect to the Covid-19 Litigation. *See* Dkt. in the present case, at No. 29.

2. That Order has potential ramifications for the present case.

3. In that Order, the Judicial Panel rejected the request to consolidate *all* Covid-19 business interruption litigation on an "industry-wide" basis. *Id.* at p. 2.

4. Similarly, the Judicial Penal rejected the request for such consolidation on a "regional and state-based" MDL basis. *Id.* at p. 3.

5. However, in its August 12 Order, the Judicial Panel seemed to suggest that it was leaning towards MDL consolidation on a "insurer-specific" basis, including specifically with respect to the Defendant in the present action, Society.

6. Indeed, the Judicial Panel found as follows:

> In contrast, the arguments for **insurer-specific** MDLs are more persuasive. Such an MDL would be limited to a single insurer or group of related insurers and thus would not entail the managerial problems of an industry-wide MDL involving more than a hundred insurers. **The actions are more likely to involve insurance policies utilizing the same language, endorsements, and exclusions. Thus, there is a significant possibility that the actions will share common discovery and pretrial motion practice.** Moreover, centralization of these actions could eliminate inconsistent pretrial rulings with respect to the overlapping nationwide class claims that most of the insurers face. An insurer-specific MDL therefore could achieve the convenience and efficiency benefits envisioned by Section 1407.

*Id.* at pp. 3-4 (emphasis added).

7. However, because the Judicial Panel also found that it could not make the decision to consolidate Covid-19 business interruption cases on an insurer-specific basis solely based upon the record before it, the Judicial Panel held that it would "[I]nstead . . . direct the Clerk of the Panel to issue orders with respect to actions naming four insurers or groups of related insurers—Certain Underwriters at Lloyd's, London; Cincinnati Insurance Company; the Hartford insurers; and **Society Insurance**—directing the parties **to show cause why those actions should not be centralized**." *Id.* at p. 4 (emphasis

added); *see also* August 12, 2020 Order at p. 3 ("[W]ith respect to these four insurers or insurer groups, **centralization may be warranted to eliminate duplicative discovery and pretrial practice**"). *Id.* at p. 4.

8. Furthermore, the Judicial Panel indicated in its Order that it intended to resolve the issue of insurer-specifics MDLs, including with respect to Society, on September 24, 2020. *Id.* at p. 4.

9. Accordingly, in light of the real possibility that the present action will become part of an insurer-specific MDL, Plaintiffs respectfully ask this Court to stay the present action until such a determination is made.

10. Particularly in light of the fact that an insurer-specific MDL with respect to Society would involve the very matters now before this Court and to be before this Court, including "pre-trial motion practice" and "discovery," judicial economy as well as the resources of the parties would be best served by staying the present action until the Oder is issued by the Judicial Panel with respect to the question of insurer-specific MDLs on or about September 24, 2020.

11. Indeed, this is particularly appropriate where, as is apparently the case with Society, all of the insurance policies purportedly providing business interruption coverage arising out of the Covid-19 pandemic contain the identical policy language. Thus, there is no reason for various District Courts, including this one, to be issuing different and possibly conflicting decisions on such things as motions to dismiss (pending in the present case) and on other matters.

12. Society will not be prejudiced by a stay in the present matter. Indeed, a stay would seem to be consistent with its interests.

13. However, Plaintiffs' counsel conferred with counsel for Society in the present case, on or about August 12, 2020, and Society's counsel indicated that it would oppose a Motion to Stay the present action.

**WHEREFORE**, Plaintiffs, by and through their undersigned counsel, respectfully request the entry of an Order staying the present case, and for such other and further relief as is appropriate under the circumstances.

**Respectfully submitted,**

By: **/s/ Michael I. Leonard**
    **Counsel for Plaintiffs**

**LEONARDMEYER LLP**
Michael I. Leonard
Rebeca Chacko
120 North LaSalle, Suite 2000
Chicago, Illinois 60602
(312)380-6559 (phone)
(312)264-9671 (fax)
mleonard@leonardmeyerllp.com
rchacko@leonardmeyerllp.com

## **CERTIFICATE OF SERVICE**

      The undersigned states that, on August 16, 2020, he caused the above to be filed and served upon all parties of record by way of this Court's ECF filing system.

      **RESPECTFULLY SUBMITTED,**

      By:    <u>s/Michael I. Leonard</u>
            **Counsel for Plaintiffs**